IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMONA ACOSTA, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-5131 |
| v. | : | |
| JACK MCMAHON, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                         November 9, 2016

      The *pro se* plaintiff, Ramona Acosta, commenced this action on September 26, 2016, by filing an application to proceed *in forma pauperis* and a complaint. Doc. No. 1. The complaint appears to be a completed version of the form general complaint available on the court's website. *Compare* Complaint, Doc. No. 1-2, *with* Non-Prisoner General Complaint Form, *available at* https://www.paed.uscourts.gov/documents/forms/frmcgenf.pdf.

      In the complaint, the plaintiff alleges that in October 2014, she hired the defendant, Jack McMahon, to represent her son in his defense against certain criminal charges. Complaint at 3. Although the plaintiff paid the defendant $5,000 for this representation, the defendant allegedly failed to attend hearings for the plaintiff's son resulting in the court cancelling the hearings and her son remaining in prison for approximately 18 months. *Id.* On October 22, 2015, the plaintiff fired the defendant "for not show[ing] up or doing anything for [her] son['s] case." *Id.* Because the defendant failed to act on her son's behalf, the plaintiff is pursuing a legal malpractice claim against him and she seeks the return of the $5,000 she paid to him. *Id.* at 4.

      In addition to these allegations against the named defendant, the plaintiff states that she also "want[s] to sue Emily Cherniack for fraud." *Id.* at 3. The plaintiff claims that Ms.

Cherniack was working with the defendant and essentially withheld certain disclosures that she was supposed to review with the plaintiff's son as part of the criminal case. *Id.* at 3-4. Apparently, a tape was included with those disclosures, and the plaintiff's son did not get to hear the tape until a few days prior to trial.[1] *Id.*

With respect to the court's jurisdiction over this action, the plaintiff did not complete the section of the form complaint requiring her to identify the asserted basis for subject-matter jurisdiction. *Id.* at 2-3. Nonetheless, it appeared that she was attempting to invoke this court's diversity jurisdiction insofar as she was asserting state-law claims for fraud and legal malpractice and had indicated that all of the parties had addresses in the Commonwealth of Pennsylvania. *Id.* at 1-4. Because it appeared that the parties were not completely diverse and the amount in controversy did not exceed $75,000, the court entered an order on October 25, 2016, which (1) granted the application to proceed *in forma pauperis*, and (2) required the plaintiff to show cause why the court should not dismiss the action without prejudice for lack of subject-matter jurisdiction. *See* Order, Doc. No. 2. The order also informed the plaintiff of the court's specific concern with respect the court lacking subject-matter jurisdiction and required that she had until November 8, 2016, to respond to the order to show cause. *Id.* at 2-3 & n.2.

On November 8, 2016, the court received a handwritten letter from the plaintiff.[2] Regrettably, this letter does not discuss subject-matter jurisdiction at all. Instead, the letter serves as the plaintiff's plea that the court should not dismiss the action because she has a meritorious claim against the defendant. The plaintiff also remarks that because the defendant is

---

[1] The plaintiff does not state what relief she seeks from Ms. Cherniack.
[2] It appears that the clerk of court's office received the letter on November 7, 2016. Although this document has yet to be entered on ECF, the court has returned it to the clerk of court for docketing. The court has copied the letter and attached it to this opinion for ease of reference.

2

a "Top Highly Name Known Lawyer," if the court dismisses her case she would interpret the dismissal as "an act of [b]ias."

As previously explained to the plaintiff, this court has the authority and the duty to examine the issue of subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As also explained to the plaintiff, she has the burden to establish federal jurisdiction in this case because she is the party "asserting its existence." *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Based on the allegations in the complaint, the only possible basis for subject-matter jurisdiction over the plaintiff's state law claims is 28 U.S.C. § 1332(a)(1), which grants a district court subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a)(1) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

Regarding the citizenship of the parties in this case, the plaintiff alleges that the parties have addresses in the Commonwealth of Pennsylvania. *See* Complaint at 1-2. Thus, it appears

that the parties are not completely diverse. Concerning the amount in controversy, the only sought-after damages in the complaint is the return of the $5,000 that the plaintiff paid to the defendant. Therefore, it also appears that the plaintiff has not satisfied the amount-in-controversy requirement. Accordingly, as it does not appear that the parties are diverse and the plaintiff has not satisfied the amount-in-controversy requirement, she has not demonstrated that the court has diversity jurisdiction under section 1332(a)(1).[3]

The plaintiff has failed to satisfy her burden of establishing federal court jurisdiction over this action and the court must dismiss the action without prejudice. The plaintiff may attempt to pursue her claims against the defendant and Ms. Cherniack in an appropriate state court.

A separate order follows.

BY THE COURT:



_____
EDWARD G. SMITH, J.

---

[3] Although the court has analyzed subject-matter jurisdiction under only section 1332(a)(1), the plaintiff does not appear to assert a federal claim that would confer jurisdiction under 28 U.S.C. § 1331 or any other federal statute. To the extent that she is seeking to raise a civil rights claim under 42 U.S.C. § 1983 (she includes a passing reference to a violation of rights when she discusses the claim against Ms. Cherniack), her claims would fail to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring the court to dismiss a complaint if it fails to state a claim upon which relief could be granted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that for a complaint to survive dismissal, it must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (quotations omitted)). In this regard, and after viewing the complaint liberally because the plaintiff is proceeding *pro se*, she has not and cannot assert a section 1983 claim against these defendants because "a suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Neither of the defendants are state actors and nothing in the complaint provides a basis for concluding that the plaintiff's rights were violated. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Furthermore, to the extent that the plaintiff is asserting that the defendants violated her son's rights, she lacks standing to raise claims based on harm to her son. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("A federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action." (citation and internal quotation marks omitted); *see also Beauchamp v. Chichester Sch. Dist.*, No. CIV. A. 05-4141, 2005 WL 3110822, at *2-3 (E.D. Pa. Nov. 17, 2005) (holding, in case involving a minor child, that the parents lacked standing to bring individual claims when only allegations pertained to purported violations of their son's rights).

Case 5:16-cv-05131-EGS Document 4 Filed 11/09/16 Page 5 of 8

RECEIVED
NOV - 7 2016
By ~~whom~~

1

To ~~whom~~ it    16-5131
Concerns the District Court
this I Ramona Acosta
I am reponding Back to
youre court for the letter
I recied from youre
Office Asking me show
reason my case should
not Be dismiss I fuel
and I hope and pray this
case will not Be dimiss
Because Jack mcnan is a
Highly known Layer (name)
and I fuel if this case
Sholudnt Be dismiss Because
I hire Jack and gave
Jack 5,000 dollars. what
he ask me to Represent
my son Jaine and not to
long after I gave him the
money to Represent my son
he started not showing up
Like he told my son he was
was going to shatis ~~away~~
fine my son had to from
up the $300 saying that he
was standing there By

Self in front of the Judge I didn't ~~Keep him~~ Give 5000 dollars to Jack Because I have money like that I am poor person I live on fix income once a month I gave Jack money to represent my son he didnt put up his end my son Sat waiting in jail for almost 1 year and 2 months until month ½ Before his trail we had to fire him I feel if he knew he wasnt not going to do any thing ~~or~~ Represent my son right I would Rather he had not taken my money and do me wrong But ~~at~~ this way Scam me out of my money that I put up for my son

3

So I ask you as please dont Dimiss this cause Because it was Really unfair on Jack part How he thinks he can scam me out money and not Be Held accountable to Return my money Back in which He did nothing he promise my son So I Really feel if this case is thrown out Jack feels that he can do this to anybody and get aways Because Like I said he a top Highly name Known Lawyer and if get Dimiss I would take this case as an act of Bias

Well this all for now untill your court make a decision
Thank you very much
from Ramona Acosta

Smoothe
Blue Berriors
Honey
yougart
Ster Seed

now
just
decision
you
very much
Ramona crests